**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GHASSAN SHAHIN AND JAROSLAVA
SHAHIN,                                          CASE NO.: 8:15-cv-02941-MSS-EAJ

      Plaintiffs,

vs.

SYNCHRONY FINANCIAL, ALLIED
INTERSTATE, LLC, and CAVALRY SPV I, LLC,
                                         DEMAND FOR JURY TRIAL

      Defendants.
_____/

**AMENDED COMPLAINT**

      **COME NOW,** Plaintiffs, GHASSAN SHAHIN and JAROSLAVA SHAHIN (hereafter "Mr. Shahin" and "Mrs. Shahin" or "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendants, SYNCHRONY FINANCIAL (hereafter "SYNCHRONY"), ALLIED INTERSTATE, LLC (hereafter "ALLIED"), and CAVALRY SPV I, LLC (hereafter "CAVALRY") and state as follows:

**PRELIMINARY STATEMENT**

      This action arises out of Defendants' violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

**GENERAL ALLEGATIONS**

1.      Plaintiffs are individuals residing in Pinellas County, Florida.

2.      This is an action for damages greater than $15,000.00.

3.      Defendant, SYNCHRONY is a consumer financial services company with headquarters in Connecticut and does business throughout the state of Florida, including Hillsborough County, Florida.

4.      SYNCHRONY is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

5.      Defendant, ALLIED, is a foreign limited liability company as registered with Florida Department of State, Division of Corporations and does business throughout the state of Florida, including Hillsborough County, Florida.

6.      ALLIED is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7.      Defendant, CAVALRY, is a foreign limited liability company as registered with Florida Department of State, Division of Corporations and does business throughout the state of Florida, including Hillsborough County, Florida.

8.      CAVALRY is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9.      The debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

10.     Plaintiffs are "consumers" as defined by the FCCPA, Fla. Stat. § 559.55(8).

**FACTUAL ALLEGATIONS**

11.     It is alleged by Defendants that Plaintiffs owe a debt to Defendants relating to a Synchrony Bank, formerly known as GE Capital Retail Bank, HH Gregg Account No. ending in -9067.

Page **2** of **17**

12.     Plaintiffs revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on June 26, 2014 at 11:46 A.M. through a facsimile transmission to Defendant, SYNCHRONY'S facsimile no. (877) 245-1303.  *See* Exhibit "A."

13.     Plaintiff, GHASSAN SHAHIN'S cellular telephone number ends in -0524.

14.     Plaintiff, JAROSLAVA SHAHIN'S cellular telephone number ends in -5605.

15.     Defendant, SYNCHRONY, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Mr. Shahin's cellular telephone on the dates and times listed on the call logs of Mr. Shahin attached as Exhibit "B."

16.     Defendant, SYNCHRONY, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Mrs. Shahin's cellular telephone on the dates and times listed on the call logs of Mrs. Shahin attached as Exhibit "C."

17.     Defendant, ALLIED, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Mr. Shahin's cellular telephone on the following dates and times listed on the call logs of Mr. Shahin's cellular telephone attached as Exhibit "D."

18.     Defendant, ALLIED, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Mrs. Shahin's cellular telephone on the following dates and times listed on the call logs of Mrs. Shahin's cellular telephone attached as Exhibit "E."

19.     Defendant, CAVALRY, used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Mr. Shahin's cellular telephone on the following dates and times listed on the call logs of Mr. Shahin's cellular telephone attached as Exhibit "F."

20.     Defendants knowingly or willfully called Plaintiffs' cellular telephones after Defendants had unequivocal notice that Plaintiffs were represented by an attorney and could readily ascertain the Firm's contact information.

21.     Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendants, did not consent to Defendants' direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

22.     None of Defendants' telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23.     None of Defendants' telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

24.     Defendants placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to an artificial or prerecorded.

25.     Plaintiffs did not speak with a representative during the phone calls placed by Defendants because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after they answered the telephone call.

26.     Defendants left messages on Plaintiffs' cellular telephones that used an artificial or prerecorded voice that requested a return call from Plaintiffs.

27.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

**COUNT I**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**
**(GHASSAN SHAHIN V. SYNCHRONY)**

28.     Plaintiff, GHASSAN SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

29.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

30.     SYNCHRONY violated Florida Statute § 559.72(7) when it willfully communicated with Mr. Shahin with such frequency as can reasonably be expected to abuse or harass Mr. Shahin.

31.     Specifically, SYNCHRONY continued to make numerous telephone calls to Mr. Shahin's cellular telephone after being notified to no longer call Mr. Shahin through any means.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**
**(JAROSLAVA SHAHIN V. SYNCHRONY)**

32.     Plaintiff, JAROSLAVA SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

33.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

34.     SYNCHRONY violated Florida Statute § 559.72(7) when it willfully communicated with Mrs. Shahin with such frequency as can reasonably be expected to abuse or harass Mrs. Shahin.

35.     Specifically, SYNCHRONY continued to make numerous telephone calls to Mrs. Shahin's cellular telephone after being notified to no longer call Mrs. Shahin through any means.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

       a.      any actual damages sustained by Plaintiff as a result of the above allegations;

       b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

       c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

       d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

       e.      any other relief the Court deems just and proper.

### COUNT III
### VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
### (GHASSAN SHAHIN V. ALLIED)

36.      Plaintiff, GHASSAN SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

37.      Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

38.      ALLIED violated Florida Statute § 559.72(7) when it willfully communicated with Mr. Shahin with such frequency as can reasonably be expected to abuse or harass Mr. Shahin.

39.      Specifically, ALLIED continued to make numerous telephone calls to Mr. Shahin's cellular telephone after being notified to no longer call Mr. Shahin through any means.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, ALLIED INTERSTATE, LLC, for the following relief:

       a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
## (JAROSLAVA SHAHIN V. ALLIED)

40.     Plaintiff, JAROSLAVA SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

41.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

42.     ALLIED violated Florida Statute § 559.72(7) when it willfully communicated with Mrs. Shahin with such frequency as can reasonably be expected to abuse or harass Mrs. Shahin.

43.     Specifically, ALLIED continued to make numerous telephone calls to Mrs. Shahin's cellular telephone after being notified to no longer call Mrs. Shahin through any means.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, ALLIED INTERSTATE, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

      d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

      e.      any other relief the Court deems just and proper.

**COUNT V**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**
**(GHASSAN SHAHIN V. CAVALRY)**

      44.      Plaintiff, GHASSAN SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

      45.      Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

      46.      CAVALRY violated Florida Statute § 559.72(7) when it willfully communicated with Mr. Shahin with such frequency as can reasonably be expected to abuse or harass Mr. Shahin.

      47.      Specifically, CAVALRY continued to make numerous telephone calls to Mr. Shahin's cellular telephone after being notified to no longer call Mr. Shahin through any means.

      **WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, CAVALRY SPV I, LLC, for the following relief:

      a.      any actual damages sustained by Plaintiff as a result of the above allegations;

      b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

      c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

      d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

**COUNT VI**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**
**(GHASSAN SHAHIN V. SYNCHRONY)**

48.     Plaintiff, GHASSAN SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

49.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

50.     SYNCHRONY violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Mr. Shahin after it knew Mr. Shahin was represented by counsel and could reasonably ascertain the name and address of counsel.

51.     Specifically, SYNCHRONY continued to place phone calls to Mr. Shahin's cellular telephone despite having actual knowledge that Mr. Shahin was represented by an attorney.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

## COUNT VII
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)
### (JAROSLAVA SHAHIN V. SYNCHRONY)

52.    Plaintiff, JAROSLAVA SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

53.    Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

54.    SYNCHRONY violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Mrs. Shahin after it knew Mrs. Shahin was represented by counsel and could reasonably ascertain the name and address of counsel.

55.    Specifically, SYNCHRONY continued to place phone calls to Mrs. Shahin's cellular telephone despite having actual knowledge that Mrs. Shahin was represented by an attorney.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.    any actual damages sustained by Plaintiff as a result of the above allegations;

b.    additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.    any other relief the Court deems just and proper.

## COUNT VIII
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)
### (GHASSAN SHAHIN V. ALLIED)

56.     Plaintiff, GHASSAN SHAHIN, incorporates all allegations in the previous

paragraphs as if stated fully herein.

57.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

58.     ALLIED violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly

communicated with Mr. Shahin after it knew Mr. Shahin was represented by counsel and could

reasonably ascertain the name and address of counsel.

59.     Specifically, ALLIED continued to place phone calls to Mr. Shahin's cellular

telephone despite having actual knowledge that Mr. Shahin was represented by an attorney.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant,

ALLIED INTERSTATE, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount

of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff

whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to

the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees

incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

## COUNT IX
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)
## (JAROSLAVA SHAHIN V. ALLIED)

60.     Plaintiff, JAROSLAVA SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

61.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

62.     ALLIED violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Mrs. Shahin after it knew Mrs. Shahin was represented by counsel and could reasonably ascertain the name and address of counsel.

63.     Specifically, ALLIED continued to place phone calls to Mrs. Shahin's cellular telephone despite having actual knowledge that Mrs. Shahin was represented by an attorney.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, ALLIED INTERSTATE, LLC, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

**COUNT X**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)**
**(GHASSAN SHAHIN V. CAVALRY)**

64.     Plaintiff, GHASSAN SHAHIN, incorporates all allegations in the previous paragraphs as if stated fully herein.

65.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

66.     CAVALRY violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Mr. Shahin after it knew Mr. Shahin was represented by counsel and could reasonably ascertain the name and address of counsel.

67.     Specifically, CAVALRY continued to place phone calls to Mr. Shahin's cellular telephone despite having actual knowledge that Mr. Shahin was represented by an attorney.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, CAVALRY SPV I, LLC, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.     additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.     any other relief the Court deems just and proper.

## COUNT XI
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
## (PLAINTIFFS V. SYNCHRONY)

68.     Plaintiffs incorporate all allegations in the previous paragraphs as if stated fully herein.

69.     Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

70.     SYNCHRONY used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

71.     SYNCHRONY independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that SYNCHRONY placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

72.     The phone calls made by SYNCHRONY are considered willing and knowing violations of the TCPA, as SYNCHRONY is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHAIN and JAROSLAVA SHAHIN, demand judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after June 26, 2014;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## COUNT XII
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
## (PLAINTIFFS V. ALLIED)

73.     Plaintiffs incorporate all allegations in the previous paragraphs as if stated fully herein.

74.     Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

75.     ALLIED used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

76.     ALLIED independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that ALLIED placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

77.     The phone calls made by ALLIED are considered willing and knowing violations of the TCPA, as ALLIED is a sophisticated debt collector that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, GHASSAN SHAHIN and JAROSLAVA SHAHIN, demand judgment against Defendant, ALLIED INTERSTATE, LLC, for the following relief:

a.      statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after June 26, 2014;

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

### COUNT XIII
### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (GHASSAN SHAHIN V. CAVALRY)

78.     Plaintiff incorporates all allegations in the previous paragraphs as if stated fully herein.

79.     Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

80.     CAVALRY used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

81.     CAVALRY independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that CAVALRY placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

82.     The phone calls made by CAVALRY are considered willing and knowing violations of the TCPA, as CAVALRY is a sophisticated debt collector that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, GHASSAN SHAHAIN, demands judgment against Defendant, CAVALRY SPV I, LLC, for the following relief:

a.     statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after June 26, 2014;

b.     an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.     any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: **March 30, 2016**                    Respectfully Submitted,

/s/ Christopher W. Boss
Christopher W. Boss, Esq.
Fla. Bar No.: 013183
**Boss Law**
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Service Email: cpservice@protectyourfuture.com
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2016, I electronically filed the

foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties either via transmission

of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Laudy Luna Perez (FBN 044544)
Email: llp@lgplaw.com
Jessica B. Reyes (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ &PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**